IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-135-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENDALL LADELL BLUE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 8, 2012, a jury found Kendall Ladell Blue ("Blue") guilty of conspiracy to distribute and possess with the intent to distribute more than 28 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841, 846 ("count one"), distributing 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("counts two and three"), and distributing a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("count five"). See [D.E. 90].

On March 6, 2013, the court held Blue's sentencing hearing. See Sentencing Tr. [D.E. 119]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 104] and ruled on Blue's objections. See Sentencing Tr. 5–60; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Blue's total offense level to be 36, his criminal history category to be I, and his advisory guideline range to be 188–235 months on counts one, two, three, and five. See Sentencing Tr. 59–60. Pursuant to U.S.S.G. § 4A1.3, the court then upwardly departed to criminal history category II. See id. 60–71. Thus, Blue's advisory guideline range became 210 to 262 months' imprisonment on counts one, two, and three, and 210 to 240 months' imprisonment on count five. See id. at 71. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Blue to 252 months' imprisonment on counts one, two, and three, and 240 months' imprisonment on count five, to be served concurrently. See [D.E. 112]; Sentencing Tr. 86.

Blue appealed. See [D.E. 114]. On March 13, 2015, the Fourth Circuit affirmed Blue's conviction and sentence. See United States v. Blue, 603 Fed. App'x 162 (4th Cir. 2015) (per curiam) (unpublished).

On May 11, 2015, Blue filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. See [D.E. 124]. On February 1, 2016, Blue filed a motion (through counsel) for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 126]. Blue's new advisory guideline range is 151 to 188 months' imprisonment based on a total offense level of 34 and a criminal history category of I. See [D.E. 129] 1–2. Blue seeks a 202-month sentence on each count. See [D.E. 126]. On March 21, 2016, the government responded in opposition to Blue's motion. See [D.E. 128]. On March 24, 2016, Blue replied. See [D.E. 129].

The court has discretion to reduce Blue's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Blue's sentence, the court finds that Blue engaged in serious and prolonged criminal conduct concerning the crack cocaine counts in one, two, three, and five. See PSR ¶¶ 12–14. Furthermore, Blue possessed a firearm in furtherance of his drug trafficking and obstructed justice. See Blue, 603 F. App'x at 169–70. Moreover, at sentencing, the court announced that if it did miscalculate Blue's advisory guideline range or erroneously departed, the court would impose the same sentence as an alternate variant

2

sentence in light of all the section 3553(a) factors. See Sentencing Tr. 87. Nonetheless, while incarcerated on his federal sentence, Blue has engaged in some positive behavior. See [D.E. 129] 5–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Blue received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Blue's sentence would threaten public safety in light of his serious criminal conduct and obstruction of justice. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Blue's serious criminal conduct and obstruction of justice do not support reducing Blue's sentence. Thus, the court denies Blue's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Blue's motions for reduction of sentence [D.E. 124, 126] are DENIED.

SO ORDERED. This 13 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge