IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-135-D
No. 7:18-CV-4-D

KENDALL LADELL BLUE,                    )
                                        )
                    Petitioner,         )
                                        )
        v.                              )          **ORDER**
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )

On January 8, 2018, Kendall Ladell Blue ("Blue") filed a petition under 28 U.S.C. § 2255 and alleged ineffective assistance of counsel because trial counsel failed to object to amending Blue's indictment concerning drug weight to account for Dorsey v. United States, 567 U.S. 260 (2012). See [D.E. 146]. On March 29, 2018, the government moved to dismiss the motion as untimely [D.E. 151] and noted that Blue filed the motion more than two years after his criminal judgment became final and that Blue "has not explained why he could not have filed something with this court to preserve his § 2255 motion and then moved for an extension of time." [D.E. 152] 3. Alternatively, the government argued that Blue fails to state a claim. See id. at 3–6. On April 24, 2018, Blue replied that he is entitled to equitable tolling because, on May 24, 2015, the Bureau of Prisons ("BOP") transferred him from Fort DIX-FCI in New Jersey to FCI-Ashland in Kentucky and that, "unbeknownst to" him, he did not take certain legal materials with him, including his trial transcripts. See [D.E. 154] 3–5; [D.E. 146-1] 3. According to Blue, a family member ultimately retrieved the legal material. See [D.E. 157]. Blue then filed his section 2255 motion on January 8, 2018. See [D.E. 146]. As explained below, the court grants the government's motion to dismiss.

On October 25, 2011, a grand jury sitting in the Eastern District of North Carolina charged Blue with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841 and 846 (count one); distribution of 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (counts two and three); using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count four); distribution of five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count five); and using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count six). See [D.E. 1].

On August 6, 2012, the court granted the government's unopposed motion to amend the indictment to account for the Supreme Court's decision in Dorsey, which held that the Fair Sentencing Act applied to a defendant who was sentenced after the effective date of the Fair Sentencing Act (i.e., August 3, 2010), even if the defendant's criminal conduct predated that date. See [D.E. 118] 10–11. Blue's offense conduct predated August 3, 2010. See [D.E. 1, 90]. Thus, pursuant to Dorsey, Blue obtained the benefit of the Fair Sentencing Act. As a result of the amendment to the indictment, the amount of crack charged in counts one, two, and three dropped from 50 grams to 28 grams, and the amount of crack charged in count five dropped from five grams to a quantity of crack. See [D.E. 118] 10–11. Blue pleaded not guilty to all charges and proceeded to trial.

On August 8, 2012, the jury found Blue guilty of counts one, two, three, and five, and not guilty of counts four and six. See [D.E. 90]. The jury made specific findings as to drug weight. See id. On March 6, 2013, the court sentenced Blue to 252 months' imprisonment on counts one, two,

2

and three and 240 months' imprisonment on count five, with the terms to run concurrently with each other. See [D.E. 110, 112].

On March 12, 2013, Blue appealed [D.E. 114]. On March 13, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See [D.E. 121]. On April 6, 2015, the mandate issued. See [D.E. 123]. Blue did not seek certiorari. Blue's conviction became final on July 5, 2015. See Clay v. United States, 537 U.S. 522, 532 (2003).

On January 8, 2018, Blue filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 146]. Blue alleges that defense counsel was ineffective in failing to object to amending the indictment in light of Dorsey. See [D.E. 146-1] 5-11.

Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

Blue relies on section 2255(f)(1). Blue filed his section 2255 motion on January 8, 2018, more than two years after his judgment of conviction became final. Thus, Blue's section 2255

3

motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012); United States v. Thomas, 627 F.3d 534, 535 (4th Cir. 2010).

Section 2255(f)'s one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645–49 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements." Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016) (quotation omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling requires a litigant to establish : "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wis., 136 S. Ct. at 755 (quotation omitted). The "second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." Id. at 756; see Credit Suisse Secs. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012); Pace, 544 U.S. at 418; Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Courts have applied equitable tolling in "two generally distinct kinds of situations." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quotation omitted). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Id. (quotation omitted). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id.; see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). "To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved

4

for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.; see Menominee Indian Tribe of Wis., 136 S. Ct. at 755–756; Pace, 544 U.S. at 418–19; Irwin, 498 U.S. at 96; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151–52 (1984); Rouse v. Lee, 339 F.3d 238, 246–57 (4th Cir. 2003) (en banc).

Blue is not entitled to equitable tolling because Blue did not pursue his rights under section 2255 diligently. In opposition to this conclusion, Blue claims that on May 24, 2015, the BOP transferred him from Fort Dix-FCI in New Jersey to FCI-Ashland in Kentucky and that, unbeknownst to him, he did not take certain legal materials with him, including his trial transcripts. See [D.E. 154] 3–5. Notwithstanding the transfer, however, Blue was able to file an appeal on July 5, 2016, of this court's denial of relief under 18 U.S.C. § 3582(c) and to litigate that appeal in the Fourth Circuit and the Supreme Court. See [D.E. 131, 136, 143]. Moreover, on July 12, 2016, Blue also filed a motion for relief from judgment [D.E. 133]. Furthermore, on December 14, 2016, Blue also filed a motion for relief under Federal Rule of Criminal Procedure 44 [D.E. 138]. Blue's ability to litigate these matters demonstrates his lack of diligence in waiting to seek relief under section 2255. Alternatively, no extraordinary circumstance stood in Blue's way and prevented timely filing of his section 2255 motion until January 8, 2018. Thus, the court declines to apply equitable tolling and dismisses Blue's section 2255 motion as untimely.

Alternatively, the claim fails on the merits. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial,

sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Blue must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–92 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Blue contends that his lawyer was ineffective by failing to object to amending the indictment in light of Dorsey. Blue's lawyer, however, acted reasonably in acknowledging the effect that Dorsey had on pending cases, including Blue's case. See Strickland, 466 U.S. at 688–91. The failure to make a baseless argument is not deficient performance. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009). Moreover, in light of the evidence of drug weight introduced at trial, the drug weight in the amended indictment did not affect Blue's sentence. See Presentence Investigation Report ("PSR") [D.E. 104] ¶¶ 12–14; Gov't Trial Exs. 19, 20, 21, 28, 29, 30, 46, 47; Sentencing Tr. [D.E. 119] 56–60, 81–89. Thus, Blue has not plausibly alleged prejudice, and the claim fails.

II.

In sum, Blue's section 2255 motion [D.E. 146] is DENIED. The government's motion to dismiss [D.E. 151] is GRANTED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Blue's motions for a hearing [D.E. 155], for appointment of counsel [D.E. 156], and to hold declarations as factual [D.E. 158] are DENIED.

SO ORDERED. This _19_ day of January 2019.

J. Dever

JAMES C. DEVER III
United States District Judge

7